UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
FEB 2 2 2007
CLERK

DAVID L. FREMONT,

    Plaintiff,

vs.

RAPID CITY REGIONAL HOSPITAL, INC., as named administrator of and fiduciary for the REGIONAL HEALTH INC. EMPLOYEE BENEFIT PLAN,

    Defendant.

COMPLAINT FOR DECLARATORY RELIEF

07-5016

COMES NOW the Plaintiff, David L. Fremont, by and through his attorney of record, John W. Burke, and for his causes of action states and alleges as follows:

## JURISDICTION

1. That Plaintiff David L. Fremont ("Plaintiff Fremont") is, and at all times relevant to this matter was, a resident of Lawrence County, South Dakota.

2. That Defendant Rapid City Regional Hospital, Inc. is, and at all times relevant to this matter was, a corporation duly organized and existing under the laws of the state of South Dakota, with its principal place of business in Rapid City, South Dakota, and, among other things, is engaged in the provision of health care.

3. That Defendant Rapid City Regional Hospital, Inc. is, and at all times relevant to this matter was, the named administrator of and fiduciary for the Regional Health, Inc. Employee Benefit Plan ("the Plan")

4. That this is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202, and is brought for the purpose of determining a question of actual controversy between the parties as described below.

5. That because this matter involves a provision contained in a health benefit plan subject to the Employee Retirement Income Security Act ("ERISA"), jurisdiction in this Court is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

## GENERAL ALLEGATIONS

6. That on September 17, 2004, Plaintiff Fremont and another gentleman went into a secluded area for the purpose of mounting hunting tree stands and hunting elk.

7. That the gentlemen climbed a tree intended to be used by Plaintiff Fremont and installed Plaintiff Fremont's tree stand, which had been manufactured Ardisam, Inc. ("Ardisam"). Thereafter, the gentlemen climbed a separate tree intended to be used by Mr. Leonard and installed Mr. Leonard's tree stand.

8. That upon installing Mr. Leonard's tree stand, Plaintiff Fremont returned to his tree, climbed up the tree to the tree stand, and stepped onto the tree stand. Moments later, as he was checking his sight lines with his bow, the tree stand failed; both he and the tree stand fell approximately nineteen feet to the ground. Plaintiff Fremont shattered his ankle in the fall.

9. That because Plaintiff Fremont's wife, Karen L. Fremont, was an employee of Spearfish Regional Medical Clinic, which was and is affiliated with Rapid City Regional Hospital, Inc., both she and Plaintiff Fremont were participants in the Plan, and, among other things, received medical benefits from and through the Plan.

10. That certain of the medical care required by Plaintiff Fremont as a result of his fall on September 17, 2004 was paid for by the Plan.

11.  That while Mr. Fremont was recovering from his injury, he learned that his tree stand was subject to a recall which stated that "If the tree strap mounting bracket loosens or rotates, the strap hook can release, causing the tree stand to detach from the tree. If this occurs, the consumer could fall to the ground."

12.  That in September of 2005 Plaintiff Fremont commenced an action in the United States District Court for the District of South Dakota (Western Division) alleging that the tree stand was defective and unreasonably dangerous.

13.  That the case was scheduled to go to trial on October 24, 2006; however, the parties reached a settlement on October 12, 2006.

14.  That the Plan claims to possess a right of subrogation in the amount of $37,360.95 as a result of having paid for certain of the medical care provided to Plaintiff Fremont as a result of his fall on September 17, 2004.

15.  That the Plan claims that the "Third Party Recovery Provision" in the Plan allows it to refuse to reduce its right of subrogation to reimburse Plaintiff Fremont for attorney's fees, sales tax on those attorney's fees, and its pro rata share of the costs that were expended in making the recovery.[1]

16.  That Plaintiff Fremont disagrees with the Plan's interpretation of the Third Party Recovery Provision and the Plan's rights/obligations under the law.

## COUNT 1 – DECLARATORY RELIEF

17.  That Plaintiff Fremont realleges and incorporates by reference hereto Paragraphs 1 through 16 as though they were fully set forth herein.

18. That 28 U.S.C. § 2201 provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or cold be sought."

19. That because Plaintiff Fremont and the Plan disagree as to the interpretation of the Third Party Recovery Provision and the Plan's rights/obligations under the law, a justiciable, actual controversy exists between and among the parties.

20. That Plaintiff Fremont seeks a declaration that the Plan is required to reduce its right of subrogation by an amount sufficient to reimburse Plaintiff Fremont for attorney's fees, sales tax on those attorney's fees, and its pro rata share of the costs that were expended in making the recovery.

WHEREFORE, Plaintiff Fremont prays for a judgment as follows:

(a) Declaring that the Plan is required to reduce its right of subrogation by an amount sufficient to reimburse Plaintiff Fremont for attorney's fees, sales tax on those attorney's fees, and its pro rata share of the costs that were expended in making the recovery; and

(b) Awarding Plaintiff Fremont his attorney's fees and costs; and

(c) For such other and further relief as the Court may deem equitable and just under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT**

---

[1] Plaintiff Fremont incurred costs (i.e. expenses other than attorney's fees) totaling $14,387.05 in prosecuting the action.

Dated this 21st day of February, 2007.

                              **THOMAS NOONEY BRAUN SOLAY & BERNARD LLP**
                              Attorneys for the Plaintiff

By: _____
                              John W. Burke
                              1301 Omaha Street, Suite 224
                              P.O. Box 8108
                              Rapid City, SD 57709-8108
                              Tel: 605.348.7516
                              Fax: 605.348.5852